PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYNOR F. PORTILLO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN MEDICAL SUPPLY CENTER, INC., a New York corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:17-cv-2932<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MYNOR F. PORTILLO, on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to his own acts, which he alleges upon personal knowledge.

## I. PARTIES

1. Plaintiff Mynor F. Portillo ("Plaintiff") is a resident of Los Angeles County in the Central District of California who contacted the 1-800 Wheelchair.com phone number operated by Defendant American Medical Supply Center, Inc. ("Defendant").

2. Defendant American Medical Supply Center, Inc. is a New York corporation with its principal place of business in Brooklyn, New York, that does business in California. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

3. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (American Medical Supply Center, Inc. and Doe Defendants will hereafter collectively be referred to as "Defendant").

## II. JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which the members of the class are citizens of different states than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

5. This Court has jurisdiction over the Defendant named herein because Defendant has sufficient minimum contacts with California and/or otherwise intentionally avails itself of the laws and markets of California, through the promotion, sale, marketing and distribution of its goods and services in California, to render the exercise of jurisdiction by the California courts permissible.

6. Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendant has caused harm to Class Members residing in this district, and/or because the Defendant is subject to personal jurisdiction in this district.

### III. FACTS

7. In January 2017, while located in California, Plaintiff called the 1-800 Wheelchair.com phone number, operated by Defendant, at (800) 320-7140 from a wireless telephone. Plaintiff spoke to an employee/customer service representative of Defendant.

8. Plaintiff was not aware that the call was being recorded. Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded. Plaintiff did not give either express or implied consent to the recording.

9. After completing his call, Plaintiff learned that Defendant records *all* incoming telephone calls, including the call from Plaintiff, but that Defendant does not disclose this to every caller, and did not disclose it to Plaintiff.

10. Plaintiff expected that his telephone call would be private (i.e., neither recorded nor monitored) due to Defendant's failure to disclose any recording or monitoring.

### IV. CLASS ACTION ALLEGATIONS

11. Plaintiff brings this class action pursuant to Rule 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all members

of the following Class:

> *"All persons located in California whose wireless telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action."* (the "Class").

12. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, and any callers who did receive a warning that their calls were recorded.

## Fed. R. Civ. P. 23(a) Factors

13. **Numerosity.** Membership in the Class is so numerous that separate joinder of each member is impracticable. The precise number of Class Members is unknown at this time but can be readily determined from Defendant's records. Plaintiff reasonably estimates that there are thousands of persons in the Class.

14. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously. Plaintiff is a member of the Class described herein and does not have interests antagonistic to, or in conflict with, the other members of the Class.

15. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class called the 1-800 Wheelchair.com phone number, operated by Defendant, at (800) 320-7140 from a wireless telephone, and spoke to an employee/customer service representative of Defendant without knowing that the calls were being recorded.

16. **Existence and Predominance of Common Questions of Law and Fact.** There are central and substantial questions of law and fact common to all Class Members that control this litigation and predominate over any individual issues. Included within the common questions are the following:

    (a) Whether Defendant intentionally records telephone calls;

    (b) Whether Defendant discloses its intentional recording of telephone communications; and

    (c) Whether Defendant's conduct constitutes a violation of California Penal Code section 632.7.

## Fed. R. Civ. P 23(b)(3) Factors

17. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

    i) Given the size of the claims of individual Class Members, as well as the resources of Defendant, few, if any, could afford to seek legal redress individually for the wrongs alleged herein;

    ii) This action will permit an orderly and expeditious administration of the claims of Class Members, will foster economies of time, effort and expense, and will ensure uniformity of decisions;

    iii) Any interest of Class Members in individually controlling the prosecution of separate actions is not practical, creates the potential for inconsistent or contradictory judgments, and would create a burden on the court system;

    iv) Without a class action, Class Members will continue to suffer as a consequence of Defendant's illegal and predatory conduct, Defendant's violations of law will proceed without remedy, and Defendant will continue to reap and retain the substantial proceeds derived from its wrongful and unlawful conduct. Plaintiff and the Class are entitled to appropriate civil penalties. This action presents

no difficulties that will impede its management by the Court as a class action.

18.   Certification is also warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief pursuant to Penal Code Section 632.7 appropriate with respect to the Class as a whole.

## V.   CAUSE OF ACTION
## California Penal Code § 632.7
### (By Class Against All Defendants)

19.   Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

20.   California Penal Code Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone.  No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required – only that the defendant intended to record the communication.

21.   Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Pen Code § 632.7 by intentionally recording calls with persons using cordless or cellular telephones, including Plaintiff.

22.   Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code. Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other that statutory damages.

23.   Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.  That the Court determine that this action may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as requested herein;

2.  For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

3.  For an award of statutory damages to Plaintiff and each member of the Class;

4.  For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private attorney general doctrine;

5.  For costs of suit; and

6.  For such other and further relief as the Court deems just and proper.

Dated: April 18, 2017         PACIFIC TRIAL ATTORNEYS, APC

By: */s/ Scott J.Ferrell*
   Scott J. Ferrell
   Attorneys for Plaintiff and the Class

# **DEMAND FOR JURY TRIAL**

Plaintiff and Class Members, pursuant to Fed. R Civ. P. 38(b), hereby demand trial by jury.

Dated: April 18, 2017          PACIFIC TRIAL ATTORNEYS, APC

By: */s/ Scott J.Ferrell*
Scott J. Ferrell
Attorneys for Plaintiff and the Class